EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ BÁIZ MIRÓ, acusado y apelante.

Núm. 10267.—*Sometido:* Enero 15, 1944. *Resuelto:* Febrero 9, 1944.

*Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El apelante fué acusado de dos delitos de atentado a la vida. Como los delitos imputados tuvieron lugar en el mismo acto, como resultado de la misma contienda, los dos casos fueron vistos y juzgados por la misma prueba. Fué hallado culpable de atentado a la vida en un caso y de acometimiento y agresión en el otro, y sentenciado a cuatro años de presidio con trabajos forzados y seis meses de cárcel, sin costas, respectivamente.

El único error que señala el apelante es el haber transmitido el juez inferior la siguiente instrucción:

"La teoría de la defensa, según se nos anuncia, es de defensa propia. Toda persona, por regla general, que es agredida injustificadamente, tiene el derecho de defensa propia, o sea el derecho de repeler esa agresión injustificada de que ha sido objeto, con la fuerza que sea necesaria para repelerla. En circunstancias normales una bofetada, justifica otra bofetada en defensa propia, si la primera fué injustificada. Desde luego, las circunstancias pueden ser fuera de lo normal. El acusado no nos ha dicho al declarar que él temiera por su vida en momento alguno, ni tampoco nos ha dicho que temiera sufrir grave daño corporal; no nos ha dicho por qué fué que usó la cuchilla; él dice que Juan Ramos-lo tenía agarrado por un brazo y que Pedro Cruz le había dado un puñetazo. Ahora bien, si el acusado estaba libre de culpa y si con motivo de esas actuaciones que nos ha dicho él de Juan Ramos y de Pedro Cruz, él sintió razonablemente que estaba en peligro inminente de muerte o de sufrir grave daño corporal, entonces tenía derecho a utilizar los medios que fueran necesarios para evitar esa muerte o ese grave daño corporal."

Arguye el apelante que esa instrucción es errónea porque dió a entender al jurado que para que el acusado pudiese invocar la defensa propia precisaba que hubiese declarado que al atacar a la víctima él temía perder su vida o recibir grave daño corporal.

Esa instrucción, considerada aisladamente, es errónea en cuanto al punto señalado por el acusado, porque la existencia de dicho temor podría surgir, sin que tuviera que decirlo el acusado, de las circunstancias del caso; pero dicha instrucción fué dejada sin efecto por la instrucción especial que a petición de la defensa transmitió el juez al jurado, a saber:

"A solicitud de la defensa, amplío mis instrucciones, instruyéndoles, señores del Jurado, que para concluir ustedes si el acusado tenía un temor razonable de sufrir grave daño corporal, no es necesario que él declare que tenía ese temor; pueden concluir los señores del Jurado si él tenía ese justificado temor por las circunstancias de la prueba practicada."

Alega también el apelante que el juez perjudicó sustancialmente sus derechos al transmitir erróneamente al jurado que el acusado no les había dicho por qué fué que usó la cuchilla con que se realizó el delito.

Es cierto que el juez hizo esa errónea manifestación al jurado, pero con ello no perjudicó al acusado porque antes, al hacer el resumen de la prueba presentada por una y otra parte, refiriéndose a la del acusado, mientras exponía al jurado la versión que de la pelea había hecho el acusado, dijo que éste había dicho que Juan Ramos lo había agarrado firmemente por un brazo y por el cuello, y que mientras estaba asido, llegó Pedro Cruz y le dió un puñetazo por el cuello; "que en esto se levantó Vilanova y se le venía encima y que entonces él, mientras estaba asido el brazo izquierdo por Juan Ramos, sacó la sevillana que llevaba en el bolsillo trasero derecho del pantalón, la abrió y cortó a Vilanova y al abrir la cuchilla Pedro Cruz se retiró; que Juan Ramos no lo soltó y que después que él hirió a Vilanova entonces Juan Ramos lo soltó y que entonces vino Pedro Cruz y se le abalanzó encima al acusado y que el acusado entonces cortó a Pedro Cruz así y lo hirió en un costado." Esta minuciosa explicación que dió el juez al jurado sobre lo que declaró el acusado acerca del punto en cuestión, en adición al hecho de que el jurado oyó declarar eso mismo al acusado, impidió que pudiera creer el jurado que el acusado no había explicado por qué usó la cuchilla. El error del juez existió, sin duda, pero no se nos ha probado que pudiera haber perjudicado los derechos sustanciales del acusado.

*Procede por lo expuesto confirmar la sentencia apelada.*